**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| VENTUREDYNE, LTD., d/b/a<br>SCIENTIFIC DUST COLLECTORS,<br>    Plaintiff,<br><br>    v.<br><br>CARBONYX, INC., d/b/a CARBONYX<br>CARBON TECHNOLOGIES, and UNITED<br>STATES STEEL CORPORATION,<br>    Defendants,<br>_____<br><br>UNITED STATES STEEL CORPORATION,<br>    Cross Claimant,<br><br>    v.<br><br>CARBONYX, INC.,<br>    Cross Defendant,<br>_____<br><br>CARBONYX, INC.,<br>    Counter Claimant,<br><br>    v.<br><br>UNITED STATES STEEL CORPORATION,<br>    Counter Defendant. | ))))))))))))))))))))))))))))) | CAUSE NO.: 2:14-CV-351-RL-JEM |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Production of Documents against Carbonyx Inc. [DE 48], filed by Plaintiff Venturedyne, Ltd. ("Venturedyne") on July 12, 2016. Venturedyne asks the Court to order Defendant Carbonyx, Inc. ("Carbonyx") to produce electronically stored information requested in Venturedyne's Revised Requests for Production of Documents. On July 26, 2016, Carbonyx filed a response [DE 51], and on August 2, 2016, Carbonyx filed a reply [DE 52].

**I.    Background**

On June 8, 2015, Venturedyne served its First Request for Production of Documents to Carbonyx. On September 19, 2015, Carbonyx objected to the requests on relevancy grounds and did not turn over any documents.

On October 1, 2015, Venturedyne sent Carbonyx a letter responding to Carbonyx's objections. On October 6, 2015, counsel for Venturedyne and Carbonyx spoke over the phone. Because Carbonyx's primary objection was that the document requests were too broad, counsel for Venturedyne and Carbonyx discussed using keywords to search Carbonyx's electronically stored information. On November 9, 2015, Carbonyx turned over sample emails related to this case to help determine what keywords would be appropriate.

On January 20, 2016, Venturedyne sent Carbonyx a Revised Request for Production of Documents. On February 25, 2016, Venturedyne's counsel sent Carbonyx's counsel a list of 126 keywords. Venturedyne's counsel proposed these keywords as a method by which Carbonyx could satisfy its burden to produce material responsive to the Revised Request.

On March 10, 2016, Carbonyx's counsel sent an email to Venturedyne striking 20 search terms from the list of 126, leaving 105 terms. On April 28, 2016, Venturedyne's counsel responded by voluntarily removing 28 additional terms, leaving 78 terms. Venturedyne also objected to 7 of the 20 terms deleted by Carbonyx. In all, neither party objected to 78 of the original 126 search terms until Carbonyx responded to this Motion to Compel.

Venturedyne's counsel sent Carbonyx's counsel follow-up emails on May 6, May 24, June 3, June 13, and June 30, 2016. Carbonyx's counsel did not respond to any of these five emails. On July 12, 2016, Venturedyne filed this Motion.

## II.     Standard

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). "Parties may obtain discovery regarding any non-priviledged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant evidence includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

To assist in producing responsive electronically stored information, parties frequently use keyword searches. Keyword searches "have long been recognized as appropriate and helpful for ESI search and retrieval," but "there are well-known limitations and risks associated with them." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 260 (D. Md. 2008). "Chief among [those limitations] is that such a search necessarily results in false positives (irrelevant documents flagged because they contain a search term) and false negatives (relevant documents *not* flagged since they do not contain a search term)." *Makowski v. SmithAmundsen LLC*, No. 08-C-6912, 2012 WL 1634832, at *1 (N.D. Ill. May 9, 2012). As a result, "[e]lectronic discovery requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI." *William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009).

A party objecting to the discovery request bears the burden of showing why the request is improper, *McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008), and the Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of*

*Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

**III.    Analysis**

Venturedyne's Complaint alleges that Venturedyne, doing business as Scientific Dust Collectors, contracted with Carbonyx "to supply dust collection systems" and various services to support Carbonyx's contract with U.S. Steel. The equipment was to be used as part of U.S. Steel's Coke Improvements Project. Venturedyne alleges that it upheld its end of the bargain, but that Carbonyx failed to pay for the equipment and services.

In response to Venturedyne's requests for production of documents, Carbonyx contends that it has produced "more than 12,000 pages of documents, consisting of emails and their attachments, as well as paper documents." According to Carbonyx, these documents were generated using the search terms "Scientific Dust Collectors"—the name Venturdyne does business under—and "Scientific." Carbonyx has not objected to the Revised Requests for Production. Instead, Carbonyx argues that a search using Venturedyne's list of 126 keywords to satisfy its production obligations would be too broad and would include a significant number of non-responsive and irrelevant documents.

Carbonyx's assertion that the documents it has already produced—retrieved by searching "Scientific Dust Collectors" and "Scientific"—are completely responsive is not convincing. Carbonyx has not told the Court that all documents relating to the Venturedyne contract contained either "Scientific Dust Collectors" or "Scientific." It seems likely that there are documents in Carbonyx's possession that do not contain those words but that nonetheless contain information about the contract between Venturedyne and Carbonyx.

Similarly, there are likely other documents in Carbonyx's possession that had nothing to do with Venturedyne or its equipment but that would still be relevant to this case. For example, Carbonyx claims the equipment Venturedyne delivered under the contract was defective. Venturedyne argues that the Scientific Dust Collectors equipment was not defective, but was connected to "upstream system lime pumps and scrubbers" manufactured by third parties that damaged the Scientific equipment. Many of the proposed search terms, like "pump" and "scrubber," might very well lead to documents detailing any problems with the third-party equipment, even though those documents might not always mention the Scientific Dust Collectors equipment. These kinds of documents are well within the broad definition of relevance in discovery contexts, which includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer*, 437 U.S. at 351.

Accordingly, Carbonyx has not satisfied its burden of demonstrating the inappropriateness of Venturedyne's discovery request. *McGrath*, 625 F. Supp. 2d at 670. Carbonyx did not object to any of the Revised Requests. Instead, Carbonyx contends that it has completed its discovery obligations by turning over all documents flagged by the "Scientific Dust Collectors" and "Scientific" search terms. As discussed above, that production is an incomplete response to the Revised Request, and additional search terms are appropriate.

Carbonyx had the opportunity to limit the search terms at issue in this case. Before Carbonyx's counsel cut off email contact with Venturedyne's counsel, the parties appeared to be making progress toward an agreed list of search terms. This would have been the better solution and likely would have limited Carbonyx's expenses in reviewing the results of the searches. But Carbonyx's refusal to participate in that process now requires that the Court intercede.

Accordingly, Carbonyx must produce documents flagged by the 78[1] unopposed search terms contained in DE 48-7. Those terms appear "reasonably calculated to lead to discovery of admissible evidence" in that the terms were based on sample emails related to this case and the parties already eliminated many generic words like "money." *See* Fed. R. Civ. P. 26(b)(1).

This Order does not, of course, prevent Carbonyx from withholding documents that are privileged. However, in doing so, Carbonyx must follow the Federal Rules of Civil Procedure governing designating privileged documents withheld from discovery requests.

Furthermore, Carbonyx is free to review the results of the keyword searches and to withhold documents that are truly irrelevant to this case. However, Carbonyx did not object to any of the 28 requests in Venturedyne's Revised Requests and all 28 requests appear relevant. *See Oppenheimer*, 437 U.S. at 351. So, any documents that are returned by the 78 keywords and that are within the scope of the 28 Revised Requests must be produced.

## IV. Conclusion

Consistent with the foregoing discussion, the Court **GRANTS** Plaintiff's Motion to Compel Production of Documents against Carbonyx, Inc. [DE 48]. The Court **ORDERS** Carbonyx to produce the documents requested in Venturedyne's Revised Requests [DE 48-4]. The Court **ORDERS** Carbonyx to use the list of 78 search terms contained in DE 48-7 in searching for and producing responsive electronic material.

Because the Motion to Compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

---

[1] Carbonyx need not use those terms to which it has already objected. Excluding the objected-to terms and those that Venturedyne voluntarily removed, there are 78 terms remaining on the list.

including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Accordingly, the Court **ORDERS** Venturedyne to **FILE**, on or before **November 21, 2016**, an itemization of its costs and fees, including attorney's fees, incurred in making the Motion to Compel. The Court **ORDERS** Carbonyx to **FILE** a response by **December 5, 2016**, and Venturedyne to file a reply, if any, by **December 12, 2016**.

SO ORDERED this 15th day of November, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record