# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| VENTUREDYNE, LTD., d/b/a ) <br> SCIENTIFIC DUST COLLECTORS, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARBONYX, INC., d/b/a CARBONYX ) <br> CARBON TECHNOLOGIES, and UNITED ) <br> STATES STEEL CORPORATION, ) <br>     Defendants, ) <br> _____ ) <br> ) <br> UNITED STATES STEEL CORPORATION, ) <br>     Cross Claimant, ) <br> ) <br> v. ) <br> ) <br> CARBONYX, INC., ) <br>     Cross-Claim Defendant, ) <br> _____ ) <br> ) <br> CARBONYX, INC., ) <br>     Counter Claimant, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES STEEL CORPORATION, ) <br>     Counter Defendant. ) | CAUSE NO. 2:14-CV-351-RL-JEM |

## OPINION AND ORDER

This matter is before the Court on Venturedyne, LTD.'s Notice of Submission of Itemization of Attorney's Fees Incurred in Making Motion to Compel [DE 56], filed by Plaintiff/Counterclaim Defendant Venturedyne, Ltd. on November 21, 2016. Venturedyne requests that the Court order Defendant/Cross-Claim Defendant/Counter Claimant Carbonyx, Inc., to pay $7,600.00 in fees incurred by Venturedyne in making its successful Motion to Compel, plus an additional $990.00 in fees expended on the fee notice and reply – a total of $8,590.00. On December 7, 2016, Carbonyx

filed a response, and on December 12, 2016, Venturedyne filed a reply.

**I.    Background**

On June 8, 2015, Venturedyne served a set of requests for production of documents to Carbonyx, which was later revised and resent on January 20, 2016. Shortly after that, the parties began negotiating a list of search terms that Carbonyx could use to search through its electronically-stored information to produce documents responsive to the revised requests for production. While the parties were negotiating what terms would and would not be on the list, Carbonyx's counsel stopped communicating with Venturedyne's counsel about the list, despite five emails from Venturedyne's counsel.

Venturedyne's counsel filed the Motion to Compel shortly thereafter, and the Court granted it on November 15, 2016. The Court ordered Carbonyx to use 78 search terms to uncover and produce responsive electronic material. These 78 terms came from the list that the parties had been negotiating before Carbonyx's counsel stopped responding to Venturedyne's. The 78 terms were based on sample emails related to the allegations in Venturedyne's Complaint, and appeared reasonably calculated to lead to discovery of admissible evidence. Because it was successful in its Motion to Compel, Venturedyne now asks the Court to order Carbonyx to pay Venturedyne's fees associated with bringing the Motion to Compel.

**II.    Standard**

Rule 37(a)(5)(A) provides that, if a motion to compel is granted, the Court "must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the requested discovery, "the opposing party's nondisclosure .

. . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

## III. Analysis

Venturedyne's Motion to Compel was granted, so it is up to Carbonyx to demonstrate that its refusal to respond to the requested discovery by using additional search terms was substantially justified or other circumstances make an award of attorneys' fees unjust. Carbonyx raises several arguments against an award of fees, and the Court addresses each in turn.

### A. Partial Award

Carbonyx argues that the Court's Order was only a partial grant of the Motion to Compel, thereby making an award of fees discretionary and, if necessary, a partial fee award appropriate. *See* Fed. R. Civ. P. 37(a)(5)(C) ("If the motion [to compel] is granted in part and denied in part, the court may . . . apportion the reasonable expenses for the motion."). Carbonyx argues that the Court did not make Carbonyx use several terms to which it had objected, although Venturedyne included those terms in its Motion to Compel. This argument, though, fails to address exactly what precipitated Venturedyne's Motion to Compel. The cause was not that the parties had a good faith disagreement about which terms should and should not be included; rather, it was the decision by Carbonyx's counsel to cut off all communication about the list of search terms.

Even though the Court did not order Carbonyx to use the full list of terms presented by Venturedyne, Venturedyne's victory on the Motion to Compel was not a partial one under Federal Rule of Civil Procedure 37(a)(5)(C). Venturedyne moved to compel Carbonyx's responses to their revised discovery requests, and the Court's ordered "Carbonyx to produce the documents requested in Venturedyne's Revised Requests."

Because the Court granted Venturedyne's Motion to Compel in its entirety, the Court must award Venturedyne its "reasonable expenses incurred in making the motion, including attorney's fees," absent any other "circumstances [making] an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). To the extent Carbonyx argues that an award of expenses would be unjust simply because the Court did not adopt the full list of search terms proposed by Venturedyne, this argument is not convincing. Carbonyx had the opportunity to negotiate an appropriate list of search terms but declined to, requiring Venturedyne to seek an order compelling responses to the revised requests. Accordingly, an award of fees is expenses is appropriate. Fed. R. Civ. P. 37(a)(5)(A).

B. Additional Discoverable Material

Carbonyx also argues that the proposed search terms might not lead to any additional, relevant discovery, and so an award of fees would be unjust. However, in the parties' Joint Motion for Extension of Time, filed on February 14, 2017, they represent that Carbonyx has run a search of its electronically stored information and is "currently in the process of producing the relevant, nonprivileged documents that resulted from those searches on a rolling production basis." Accordingly, Carbonyx's argument that the search terms might not return any relevant material is inapposite.

C. Reasonable Fee

Carbonyx also challenges the reasonableness of Venturedyne's requested fees. Venturedyne's counsel represents that this is the actual amount Venturedyne paid for the work its counsel did in pursuing Carbonyx's responses to the document request and in briefing the Motion to Compel.

Venturedyne bases its request on an attorney rate of $300 per hour and a law clerk rate of $175 per hour. Venturedyne's counsel represents that the $300 attorney rate is a blended rate for

both associates and partners. The Court finds that these hourly rates are reasonable. "The attorney's standard hourly rate is the best measure of the attorney's reasonable hourly rate. This is because the rate clients are willing to pay the attorney accounts for his individual skill and ability." *Gray v. U.S. Steel Corp.*, 284 F.R.D. 393, 297 (N.D. Ind. 2012) (internal citations and quotations omitted). The hourly rates used in Venturedyne's itemization are the actual amounts Venturedyne's counsel typically charges for their work, and it is the actual amount Venturedyne pays.

Carbonyx also challenges the number of hours represented in Venturedyne's itemization of costs. In all, Venturedyne's counsel billed 30.3 hours. 27 of those hours were billed over the course of more than a year – September 30, 2015, through November 18, 2016 – and accounted for counsel working to get discovery from Carbonyx, creating the list of search terms, following up with Carbonyx's counsel about the list multiple times to no avail, drafting the Motion to Compel and its attendant reply, and preparing the itemization of costs and expenses. The other 3.3 were incurred preparing the reply related to the itemization.

Carbonyx's objections to the hours billed by Venturedyne's counsel are vague and do not account for the significant length of the discovery dispute. In part, the hours Venturedyne's counsel spent on this case were higher because Carbonyx's counsel dragged out the compel process by first negotiating the list of search terms and then suddenly cutting off contact. Consequently, the Court finds that the hours Venturedyne's counsel expended on the Motion to Compel and in pursuing discovery from Carbonyx are reasonable.

**IV.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Venturedyne, Ltd.'s Notice of Submission of Itemization of Attorney's Fees Incurred in Making Motion to Compel [DE 56] and **ORDERS** Carbonyx or its attorney to pay Venturedyne $8,590.00 by no later

than **July 31, 2017**.

SO ORDERED this 15th day of June, 2017.

s/ John E. Martin<br>MAGISTRATE JUDGE JOHN E. MARTIN<br>UNITED STATES DISTRICT COURT

cc:     All counsel of record